# In the United States Court of Federal Claims

Nos. 22-573, 22-620, 22-630
(Filed: 31 October 2022[*])
NOT FOR PUBLICATION

```
*****************************
MICHAEL STAPLETON ASSOCIATES,      *
LTD,                               *
                                   *
                Plaintiff,         *
                                   *
v.                                 *      No. 22-573
                                   *
THE UNITED STATES,                 *
                                   *
                Defendant,         *
                                   *
and                                *
                                   *
AMERICAN K-9 DETECTION             *
SERVICES, LLC,                     *
                                   *
         Defendant-Intervenor.     *
                                   *
*****************************
*****************************
GLOBAL K9 PROTECTION SERVICES,     *
LLC,                               *
                                   *
                Plaintiff,         *
                                   *
v.                                 *      No. 22-620
                                   *
THE UNITED STATES,                 *
                                   *
                Defendant.         *
                                   *
*****************************
*****************************
AMERICAN K-9 DETECTION             *
```

---

[*] This opinion was originally filed under seal on 26 October 2022 pursuant to the protective order in this case. The Court provided the parties an opportunity to review this opinion for any proprietary, confidential, or other protected information and submit proposed redactions by 28 October 2022. The government proposed redactions on 28 October 2022. The Court accepts the government's proposed redactions and reissues the order, with a few minor, non-substantive corrections and redacted language replaced as follows: "[XXXXX]."

| | |
|---|---|
| SERVICES, LLC, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | No. 22-630 |
| * | |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |
| * | |

****************************************

# ORDER

**HOLTE, Judge.**

      Plaintiffs, Michael Stapleton Associates, Ltd. ("MSA"), Global K9 Protection Group, LLC ("GK9"), and American K-9 Detection Services, LLC ("AMK9"), bring three separate pre-award bid protests against the United States Postal Service ("USPS"), in which USPS solicited a contract for canine explosive detection and alarm resolution services to MSA, under Solicitation No. 2B-20-A-0087 consolidated on 13 June 2022. Pending before the Court are plaintiffs' motions for judgment on the administrative record ("MJARs") and the government's cross-MJAR. Based on the parties' briefing and oral argument held 21 October 2022, the Court rules in favor of plaintiffs AMK9 and GK9 and, thus, potentially may disqualify MSA from participation in USPS's 2022 resolicitation. The purpose of this order is to seek USPS guidance on several reevaluation or resolicitation factors to craft an equitable remedy, if any, in the forthcoming, more detailed order.

**I.    Background**

      This case relates to a previous case heard before this Court, *American K-9 Detection Services, LLC v. United States*, Case No. 20-1614 (Fed. Cl. Nov. 18, 2020) [hereinafter *Am. K-9*], which is a consolidated bid protest filed by disappointed offerors following USPS's decision to award a contract for canine explosive detection and alarm resolution services to MSA. Notice of Directly Related Case, ECF No. 7; *see Am. K-9*, Compl. ("2020 Compl."), ECF No. 1; *Am. K-9*, Order, ECF No. 59 (consolidating cases). In that case, the protesters disputed USPS's decision to combine several requirements into one procurement in a way benefitting MSA, and the protesters further argued MSA had distinct advantages due to purported conflicts of interest. 2020 Compl. at 1. After briefing and oral argument, this Court twice remanded the case to USPS to conduct a full Organizational Conflict of Interest ("OCI") investigation. Compl. at 6; *see Am. K-9*, Order, ECF No. 50; *Am. K-9*, Order, ECF No. 107. After the second remand, the contracting officer ("CO") found MSA had an OCI involving unequal access to information and possibly biased ground rules. *See Am. K-9*, Admin. R. ("2020 AR") at 3665–84 (CO Franklin's Report Following Second Remand), ECF No. 125-5. USPS took corrective action on 18 February 2022 to mitigate the OCI by shortening MSA's contract by one year and cancelling all renewal options for the contract amongst other things. *Id.* at 3682–83. USPS also unbundled the

new solicitations ("2022 resolicitation")—one for Third-Party Canine Mail Screening ("Canine Screening") services and one for Mail Screening Alarm Resolution ("Alarm Resolution") services.  *See* Admin. R. ("2022 AR") at 6806–6962 (Canine Screening Solicitation), ECF No. 48-4, 2022 AR at 5877–5986 (Alarm Resolution Solicitation), ECF No. 44-5.

      MSA filed a business "disagreement," the USPS-equivalent of an agency-level protest, with the CO on 16 March 2022 arguing the services should remain bundled and alleging the 2022 resolicitation contained patent ambiguities.  *See* 39 CFR § 601.107; *see also* 2022 AR at 6525–34 (MSA's Initial Disagreement).  The CO denied MSA's disagreement, stating USPS learned "a single award to one supplier was unnecessary," and "separating the services would allow more companies to compete[,] . . . [and] this increased competition would better serve the Postal Service's objective of obtaining best value."  2022 AR at 6535 (CO Baker's Decision Letter to MSA).  The CO also found MSA's allegations of patent ambiguities in the solicitations were unfounded.  *Id.* at 6537.  MSA appealed the CO's decision to the Supplier Disagreement Resolution Official ("SDRO"), and the SDRO upheld the decision.  *See id.* at 6597–6605 (SDRO Decision Letter to MSA).

      Around the same time as MSA's agency-level challenges, offerors GK9 and AMK9 submitted business disagreements; they argued USPS's 18 February 2022 corrective actions were insufficient because MSA was still allowed to compete despite allegedly having an unfair advantage.  *See* 2022 AR at 6326–43 (AMK9's Initial Business Disagreement), 6344–50 (GK9's Initial Business Disagreement).  The CO initially denied AMK9's and GK9's business disagreements.  *See id.* at 6395–6402 (CO's Decision Regarding AMK9's Business Disagreement), 6403–11 (CO's Decision Regarding GK9's Business Disagreement).  GK9 and AMK9 appealed, and the SDRO denied AMK9's and GK9's business disagreements in part and sustained them in part.  *See id.* at 6606–20 (SDRO's Decision Regarding AMK9's Business Disagreement), 6630–48 (SDRO's Decision Regarding GK9's Business Disagreement).  The agency amended the 2022 resolicitation to mitigate MSA's advantage as an incumbent but declined to exclude MSA from competing for awards under the 2022 resolicitation.  *Id.* at 6619 (SDRO's Decision Regarding AMK9's Business Disagreement), 6646–47 (SDRO's Decision Regarding GK9's Business Disagreement).

      MSA filed a pre-award bid protest on 25 May 2022 and moved for a preliminary injunction and temporary restraining order ("TRO") the same day.  *See* Compl., ECF No. 1; Pl.'s Mot. TRO & Prelim. Inj., ECF No. 2.  GK9 filed its pre-award complaint and motion for preliminary injunction on 6 June 2022.  *See* Compl., ECF No. 1, *Global K9 Detection Servs., LLC v. United States*, Case No. 22-620 (Fed. Cl. June 6, 2022) [hereinafter *Global K9*]; *Global K9*, Pl.'s Mot. Prelim. Inj., ECF No. 5.  AMK9 filed its complaint on 7 June 2022.  *See* Compl., ECF No. 1, *Am. K-9 Detection Servs. v. United States*, Case No. 22-630 (Fed. Cl. June 7, 2022).  USPS responded to MSA's motion on 8 June 2022.  *See* Def.'s Resp. Mot. TRO & Prelim. Inj., ECF No. 15.  GK9 then filed a motion to withdraw its motion for preliminary injunction after the parties agreed to an expedited briefing schedule on the parties' motions for judgment on the administrative record.  *See* Mot. Withdraw Mot. Prelim. Inj. Without Prejudice, ECF No. 38.  On 13 June 2022, the Court entered an order consolidating the three cases.  Consolidation Order, ECF No. 19.

USPS awarded MSA, AMK9, and a third-party service Canine Screening contracts and MSA Alarm Resolution contracts on 9 September 2022. *See* Post-Contract Update Joint Status Report ("JSR"), ECF No. 66. During a 4 October 2022 status conference, the parties agreed the remaining pre-award bid protest challenges related to plaintiffs' request for injunctive relief and defendant-intervenor's affirmative arguments the Court already denied in its order on the motion for a preliminary injunction. *See* Order Setting MJAR Oral Arg. at 1, ECF No. 63; *see also* Pl.'s Mot. TRO & Prelim. Inj. at 6–7. Following the conference, the parties submitted a JSR regarding updates to the Canine Screening and Alarm Resolution contract awards including: debriefing outcome; plans for additional post-award bid protest actions including any additional parties who may protest; and any effects such updates may have on the pre-award protest proceedings. *See* Post-Contract Update JSR. On 7 October 2022, the parties submitted status reports regarding the anticipated roll-out schedule for the Canine Screening awards by USPS. *See* Roll-Out Schedule JSR, ECF No. 67. The objective of the roll-out schedule is "to execute one or more contracts via geographical clusters for commercial suppliers to provide, disseminate, and administer Explosive Detection Canine (EDC) teams across the United States (US) with the purpose to screen mail intended for transport on domestic and international passenger commercial air carriers on a nationwide basis[;] [t]he service locations, referred to as 'sites,' will be divided across the US in geographic clusters." Canine Screening Solicitation at 6673. USPS confirmed "[f]rom the beginning of the current rollout schedule [9 November 2022] through 15 March 2023, there are seven new screening locations that are expected to be added." Roll-Out Schedule JSR at 1. The first new site—where an airport location has no existing screening services—was awarded to MSA and will begin on 9 November 2022 at [XXXXXX XXXXXXXXXXXXX] with an estimated weekly volume of 7,000 screens followed by [XXXXXXXXXXXXXXXXXXX] on 16 November 2022 with an estimated weekly volume of 40,000 screens. *Id.* at 3. Existing sites—where MSA currently conducts screening services—will transition to new screening providers between 30 November 2022 through 15 March 2023. *Id.* at 2. AMK9 will begin servicing the first existing site, [XXXXXX XXXXXXXXXXX], on 14 December 2022. *See id.* at 3.

The Court held oral argument on 21 October 2022 to address remaining pre-award challenges in relation to the cross-motions for judgment on the administrative record. *See* Order Setting MJAR Oral Arg. at 1. At the oral argument, the parties confirmed once again, for purposes of this order, challenges are limited to pre-award protests notwithstanding the award of the contract. *See id.* The Court thus limits its discussion in this case to protests challenging the terms of USPS's 2020 solicitations and 2022 resolicitation and does not address protests filed after the bid was awarded and contractors selected on 9 September 2022.

## II.     Resolicitation or Reevaluation of 2022 Resolicitation

As the services at new sites where the airport has no existing screening services begin on 9 November 2022, and the first transition away from MSA will occur on 14 December 2022, the Court issues this preliminary order in advance of a complete memorandum opinion. The Court rules in favor of plaintiffs AMK9 and GK9 and, thus, potentially may disqualify MSA from participation in the USPS 2022 resolicitation. The ruling is based in part on immitigable OCIs. GK9's MJAR at 9, ECF No. 53. The OCIs discovered by USPS in the 2020 solicitation remained during the 2022 resolicitation because the amended evaluation factors still unfairly

favored the incumbent, MSA. *Id.* at 15.  Further, the OCIs connected to the 2020 solicitations remained in the 2022 resolicitation process and are immitigable, which may prompt the need to disqualify MSA from participation in the 2022 resolicitation. *Id.* at 14–15.  Lastly, the continued inclusion of [XXXXXX], "a member of the technical evaluation committee [who] sent an [internal] presentation to . . . MSA,"  in the 2022 resolicitation violated CO Franklin's order mandating [XXXXXX] "should not be permitted to participate on the next technical evaluation team for the follow-on contract," which was arbitrary and capricious.  *See* CO Franklin's Report Following Second Remand at 6364–65.

"Whether declaratory or injunctive relief is the appropriate remedy, the court must consider the equities, including the balance of harms, when making such a determination." *Fisher Sand & Gravel Co. v. United States*, 143 Fed. Cl. 247, 254 n.8 (Fed. Cir. 2019) (citing *PGBA, LLC v. United States*, 389 F.3d 1219, 1228 (Fed. Cir. 2014)).  The Court does not have enough information to make a determination and therefore asks USPS to offer guidance on the prospect of resoliciting or reevaluating the 2022 resolicitation in the event the Court's equitable remedy disqualifies MSA from participation in the 2022 resolicitation, taking into consideration USPS's peak transport season (November 2022 through January 2023) and the 9 November 2022 first new site roll-out.  After lengthy discussion at the end of the 21 October 2022 oral argument, the Court seeks guidance from USPS specifically regarding agency plans for the following:

(1) preference on a resolicitation or reevaluation of the 2022 solicitation or a combination of both (as well as an explanation of the desired procedure—e.g., reevaluating certain cluster groups or resoliciting only MSA-awarded sites);

(2) a timeline regarding replacement of incumbent MSA as the sole Alarm Resolution contract awardee given the potential exclusion of MSA;

(3) the anticipated roll-out of new and anticipated locations in 2022 and 2023; and

(4) a schedule regarding completion of a potential resolicitation or reevaluation of 2022 bids.

The government **SHALL FILE** a supplemental statement, and perhaps a declaration from the appropriate official, offering guidance on a USPS 2022 resolicitation or revaluation on or before **31 October 2022 at 12:00 p.m. (ET)**.  Should any plaintiff seek to respond to the government supplemental statement, they **SHALL FILE** a response supplemental statement before **1 November 2022 at 5:00 p.m. (ET)**.  As discussed at oral argument, the Court further advises USPS to pause any post-award disagreements and SDRO appeal deadlines.

**IT IS SO ORDERED.**

s/ Ryan T. Holte<br>
RYAN T. HOLTE<br>
Judge